IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:11cr191-MHT |
| | ) | (WO) |
| **JEFFERY NOLAN BENNETT** | ) | |

OPINION AND ORDER

This case is before the court on defendant Jeffery Nolan Bennett's motion for release or sentence reduction due to the coronavirus pandemic. For the reasons explained below, the motion will be denied.

Bennett was convicted in 2012 of one count of conspiracy to possess with the intent to distribute cocaine base and cocaine hydrochloride, pursuant to a guilty plea. The court sentenced him to 188 months of imprisonment, and he has served almost 106 months of that sentence. He is housed at a medium-security prison.

Although he does not cite a particular statute, the court assumes that Bennett seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Section

3582(c)(1)(A) authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).*

---

* Motions filed under this provision are commonly referred to as motions for compassionate release.

The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in section 1B1.13 of the United States Sentencing Guidelines. Section 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may reduce a term of imprisonment if the court determines that "extraordinary and compelling reasons warrant the reduction" and that the reduction is consistent with the policy statement, but it also requires that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Commission, 2018 Guidelines Manual (hereafter "U.S.S.G."), §1B1.13(2). In an application note to the policy statement, the Sentencing Commission provides the following categories of "extraordinary and compelling circumstances": (A) a medical condition of the defendant, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. U.S.S.G. § 1B1.13 cmt. n.1. The

3

Commission also included a 'catchall' provision where the Director of the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D). The medical conditions that qualify include a terminal illness, U.S.S.G. § 1B1.13, comment n.1(A)(i); and a serious physical or medical condition, serious functional or cognitive impairment, or aging-related deteriorating physical or mental health "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, comment n.1(A)(ii).

Having considered the 18 U.S.C. § 3553(a) factors, the court finds that Bennett has failed to show the existence of an extraordinary and compelling reason to reduce his sentence. Bennett argues that the court should reduce his sentence due to the pandemic, his mental condition, and the failure of his lawyer to

4

inform him accurately of the sentence he could receive at the time of his guilty plea. The existence of the pandemic alone is not an extraordinary and compelling reason for release because every non-immune federal prisoner is subject to the risk of infection with the 2019 coronavirus. Nor does the court find it extraordinary and compelling in combination with the other factors Bennett raises.

Bennett claims that he has paranoid personality disorder. Assuming that he currently suffers from this condition, it is not a terminal illness, and he has not shown that it "substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Nor has Bennett shown that he has a medical condition that is recognized as putting him at an elevated risk of serious complications or death from COVID-19, such as Type II diabetes or COPD. Therefore,

5

the court finds his medical condition insufficiently serious to warrant release under § 3582(c)(1)(A).

In his motion, defendant Bennett also contends that he should be released now because his former lawyer misrepresented the sentence he would receive if he pleaded guilty, and that, had he received the sentence he had been promised, he would have been out of prison by now or at a halfway house. However, the court already rejected essentially the same claim of ineffective assistance of counsel in the context of Bennett's motion to vacate the judgment pursuant to 28 U.S.C. § 2255, which the court denied. *See Bennett v. United States*, No. 2:14cv720-MHT, 2016 WL 7173882 (M.D. Ala. Sept. 14, 2016), report and recommendation adopted, No. 2:14cv720-MHT, 2016 WL 7175607 (M.D. Ala. Dec. 8, 2016). Therefore, the court will not consider claims about his former lawyer's representation here.

Bennett also points out that he has completed over 50 % of his sentence; is not violent or a gang member;

6

has not had a writeup for misconduct in over six years and has had only one disciplinary during his entire incarceration; has obtained his general equivalency diploma and completed many programs; and has stopped using drugs and plans to remain drug-free for the rest of his life.  Had Bennett shown an extraordinary and compelling reason for release, these factors would be relevant considerations under 18 U.S.C. § 3553(a), the court does not consider them extraordinary and compelling reasons for release on their own, as they are not uncommon.  *See also* U.S.S.G. § 1B1.13 cmt. n.3 (The "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" under the Commission's policy statement on sentence reductions).

Finally, to the extent Bennett asks the court to order the Bureau of Prisons to place him on home confinement, the court lacks authority to do so.  The BOP has the sole authority to place a prisoner in its

7

home-confinement program.  *See de Jesus v. Woods*, No. 2:19cv121-WHA, 2019 WL 3326199, at *4 (M.D. Ala. June 21, 2019), report and recommendation adopted, No. 2:19cv121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019).

***

Accordingly, it is ORDERED that defendant Jeffery Nolan Bennett's motion for release or sentence reduction (doc. no. 642) is denied.

DONE, this the 14th day of September, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE