IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:11cr191-MHT |
| | ) | (WO) |
| JEFFERY NOLAN BENNETT | ) | |

ORDER

It is ORDERED that defendant Jeffery Nolan Bennett's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. 658) is denied.

\*\*\*

This is Bennett's second motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

> without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).

In his first motion, Bennett sought a sentence reduction on the basis of the COVID-19 pandemic, his mental condition, and the failure of his lawyer to inform him accurately of the sentence he could receive at the time of his guilty plea. *See* Motion for Release or Sentence Reduction Due to the Coronavirus Pandemic (Doc. 642). The court denied the request. *See* Order (Doc. 656).

Bennett now seeks compassionate release based on the COVID-19 pandemic and his alleged diagnosis of asthma, which he contends puts him at severe risk. The Centers for Disease Control lists "moderate to severe" asthma as a condition that increases the risk of severe illness

2

should he become infected with COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions* (updated Mar. 29, 2021), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, Bennett has not provided any evidence of an asthma diagnosis, such as medical records, and the court sees nothing in his presentence investigation report suggesting a history of asthma. *See* Presentence Investigation Report (Doc. 460) at 11 (noting that Bennett "reported he is in good physical health with no history of health problems"). Moreover, assuming he has the condition, Bennett has not provided any evidence of how serious his asthma is. As a result, the court cannot conclude at this time that "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

DONE, this the 19th day of April, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE